**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | | |
|---|---|---|
| **DOUGLAS J. SCHOENWALDER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KEVIN KEMPF in his individual capacity, MICHAEL ENGLEBERT in his individual capacity, JEFFREY SCHILLING in his individual capacity, MICHAEL LUBERDA in his individual capacity, BRADLEY BILLER in his individual capacity, JOHN ALLEN in his individual capacity,**<br><br>**Defendants.** | § § § § § § § § § § § § § § | **Civil Action No.: 1:23-CV-1031** |

## FIRST AMENDED COMPLAINT

### Introduction

1. It is shameful when a citizen, seeking to peacefully spread the gospel of Jesus Christ in a traditional public forum, is met by a law enforcement officer who says: "You are not welcome here… We will arrest you." Even worse is when the officer makes good on the threat. Yet that is what happened to Plaintiff Douglas J. Schoenwalder ("Mr. Schoenwalder").

2. Mr. Schoenwalder is a Bible-believing Christian, business owner, and law-abiding Wisconsinite. For years, he has sought to spread the gospel of Jesus Christ on public sidewalks in the City of Green Bay (the "City"). Though the First Amendment enshrines religious expression as "too precious" to be suppressed, *Lee v. Weisman*, 505 U.S. 577, 589 (1992), Defendants took no mind. The Defendants targeted Mr. Schoenwalder with a content-based rule specifically crafted to suppress his speech, and used that rule to repeatedly arrest him, silence him, humiliate him, and prevent him from evangelizing.


Case 1:23-cv-01031-WCG Filed 10/13/23 Page 1 of 18 Document 8

3. The Defendants' campaign of suppression violated Mr. Schoenwalder's rights protected by the First Amendment to the United States Constitution. He is entitled to damages and other remedies pursuant to 42 U.S.C. § 1983.

4. All paragraphs and sections of this First Amended Complaint incorporate all other paragraphs and sections. All claims are stated in the alternative.

**Parties**

5. Plaintiff Douglas J. Schoenwalder is a citizen of Ashwaubenon, Wisconsin.

6. Defendant Michael Englebert is or was a Patrol Officer employed by the Green Bay Police Department. At all times when referenced in this First Amended Complaint, Defendant Englebert was on duty, wearing a Green Bay Police Department uniform, and acting under color of state law. He is sued only in his individual capacity. Defendant Englebert's current address of residence is not known.

7. Defendant Kevin Kempf is or was a Police Specialist employed by the Green Bay Police Department. At all times when referenced in this First Amended Complaint, Defendant Kempf was on duty, wearing a Green Bay Police Department uniform, and acting under color of state law. He is sued only in his individual capacity. Defendant Kempf's current address of residence is not known.

8. Defendant Jeffrey Schilling is or was a Sergeant employed by the Green Bay Police Department. At all times when referenced in this First Amended Complaint, Defendant Schilling was on duty, wearing a Green Bay Police Department uniform, and acting under color of state law. He is sued only in his individual capacity. Defendant Schilling's current address of residence is not known.

9. Defendant Michael Luberda is or was a Sergeant employed by the Green Bay Police Department. At all times when referenced in this First Amended Complaint, Defendant Luberda

was on duty, wearing a Green Bay Police Department uniform, and acting under color of state law. He is sued only in his individual capacity. Upon information and belief, Defendant Luberda resides and can be served with process at 3551 Hickory Ridge Dr., De Pere, WI 54115.

10. Defendant Bradley Biller is a Specialist employed by the Green Bay Police Department. At all times when referenced in this First Amended Complaint, Defendant Biller was on duty, wearing a Green Bay Police Department uniform, and acting under color of state law. He is sued only in his individual capacity. Upon information and belief, Defendant Biller resides and can be served with process at 1309 Reed St., Green Bay, WI 54303.

11. Defendant John Allen is an Officer employed by the Green Bay Police Department. At all times when referenced in this First Amended Complaint, Defendant Allen was on duty, wearing a Green Bay Police Department uniform, and acting under color of state law. He is sued only in his individual capacity. Defendant Allen's current address of residence is not known.

12. Other persons, though not named as defendants at this time, were co-conspirators with one or all of the Defendants. These include: (1) Jeff Mirkes, Executive Director of Downtown Green Bay; (2) Jen Metcalf, Assistant Director of Downtown Green Bay; (3) Joanne Bungert, currently City Attorney for the City of Green Bay; (4) Lacey Cochart, currently Deputy City Attorney for the City of Green Bay; and (5) Steven Mahoney, currently an Officer employed by City of Green Bay.

**Jurisdiction**

13. Pursuant to 28 U.S.C. § 1391, venue and personal jurisdiction are proper in this Court because the City of Green Bay is located in this judicial district, and a substantial part of Defendants' actions and the events at issue in this lawsuit occurred within the boundaries of the City of Green Bay.

14. Subject matter jurisdiction exists under 28 U.S.C. § 1331 because the causes of action identified below arise under federal law.

## Factual Background

### I. City officials helped create a content-based speech restriction in order to prevent Mr. Schoenwalder's evangelism in a traditional public forum.

15. Since 2021, Mr. Schoenwalder has preached the gospel of Jesus Christ at the Green Bay Saturday Farmers Market ("the Market"), organized by Downtown Green Bay.

16. The area within the Market where Mr. Schoenwalder preaches is a traditional public forum. The Market is free of charge, open to the public, and does not require a ticket. It is ordinarily held on Saturday mornings from approximately June through October. During the events at issue in this lawsuit, the Market was held on public streets and sidewalks owned by the City, including the sidewalks along Washington Street at the terminus of Doty Street. At most other times of the year, the public streets and sidewalks upon which the Market is held function as an ordinary part of the City's transportation grid.

17. During the summer of 2021, Mr. Schoenwalder was harassed by Green Bay Police Department officers due to his preaching at the Market.

18. Green Bay Police Department officers tried to stop Mr. Schoenwalder from evangelizing by claiming it was unlawful solicitation—it was not, since he never sought monetary donations or offered to sell or take orders for goods.

19. Mr. Schoenwalder was then charged with disorderly conduct based on his evangelism at the Market. Defending himself *pro se* against the charge, Mr. Schoenwalder was found not guilty due to the absence of any evidence in support of the charge.

20. In connection with the disorderly conduct proceedings, Mr. Schoenwalder spoke with Joanne Bungert, currently the Green Bay City Attorney. She stated that the City Attorney's

office was coordinating with Downtown Green Bay to develop rules that would prohibit Mr. Schoenwalder's evangelism at the Market in the future.

21. The following year, 2022, the Market continued to be free of charge, open to the public, and required no ticket for entry.

22. The Market adopted new rules for the 2022 season, including a prohibition on "Religious Proclamations" within the Market's boundaries. This was a content-based restriction on speech. It was adopted in coordination with the Green Bay City Attorney's office to specifically prevent Mr. Schoenwalder's evangelism at the Market.

23. Downtown Green Bay shared its 2022 Market Rules (the "Rules"), which include the prohibition on "Religious Proclamations," with the Green Bay Police Department for the purpose of receiving assistance with enforcing those Rules.

## II. May 28, 2022: Mr. Schoenwalder was forced to stop preaching at the Market.

24. On May 28, 2022, Mr. Schoenwalder entered the Market and began preaching and distributing gospel tracts, while standing on public sidewalks. Defendant Kempf approached Mr. Schoenwalder and ordered him to stop preaching because of the Rule against "Religious Proclamations." This order was unlawful and unconstitutional.

25. Mr. Schoenwalder complied with Defendant Kempf's order and stopped preaching. He resigned himself to approaching passersby and beginning conversations about Jesus Christ, while holding a Bible.

26. Defendant Kempf then unlawfully instructed Mr. Schoenwalder that he was still in violation of the Rules because he was approaching people while holding a Bible.

27. Hoping to preach in the future without interruption by the police, Mr. Schoenwalder subsequently hand-delivered a letter on or about June 1, 2022, to the City's Law Department. This letter alerted the City that he had been baselessly cited and harassed by Green Bay Police

Department officers due to his speech at the Market. The letter informed the City that he has "been called to deliver" the gospel. He correctly warned that the actions by City officials had exceeded the boundaries of the U.S. Constitution, and he hoped that, moving forward, the City would choose to desist, or he would be forced to take legal action to protect his constitutional rights.

28. Rather than chasten the City's officials, Mr. Schoenwalder's letter put a target on his back.

29. On June 10, 2022, Downtown Green Bay's Executive Director Jeff Mirkes sent Green Bay Deputy City Attorney Lacey Cochart a screenshot of a Facebook comment by Mr. Schoenwalder, which stated in part: "Be careful. Just last Saturday they tried using the police to remove Christ followers handing out gospel tracts at the farmers' market. They need Jesus!"

## III. June 18, 2022: Mr. Schoenwalder was handcuffed and cited for evangelizing at the Market.

30. On June 18, 2022, Mr. Schoenwalder returned to the Market.

31. At the Market that day, Mr. Schoenwalder passed out tracts titled "God Allows U-Turns." That tract reads, in part: "If you would like to turn your life around, pray this simple prayer from your heart: *Dear Heavenly Father, I have been going down the wrong road and I want to make a u-turn toward You. Thank You for giving Your Son as a sacrifice for my sins, that I might not die but have eternal life with You. Please forgive my sins and come into my life. Fill me with Your love and the power of the Holy Spirit. In Jesus' name, amen.*"

32. Downtown Green Bay Assistant Director Jen Metcalf claimed Mr. Schoenwalder violated the Rule against "Religious Proclamations," so Defendants Luberda and Allen approached Mr. Schoenwalder. Defendants Luberda and Allen acted co-operatively throughout the interaction with Mr. Schoenwalder that day.

33. Defendant Luberda and Allen ordered Mr. Schoenwalder to leave the Market. This order was unlawful. When Mr. Schoenwalder refused to leave, Defendants Luberda and Allen grabbed Mr. Schoenwalder, pulled his arms behind his back, and placed him in handcuffs. With Mr. Schoenwalder under arrest, they frog-marched Mr. Schoenwalder outside the Market.

34. Defendants Luberda and Allen cited Mr. Schoenwalder for unlawful conduct at a public event. The basis for the citation was that he was violating the Market's Rules against "Religious Proclamations." Defendant Luberda told him, "[Y]ou're in violation of the rules…. [Y]ou're handing out these pamphlets and that you're speaking on religious topics," and also told a passerby that Mr. Schoenwalder was not allowed to be "handing out the religious pamphlets …."

35. When Mr. Schoenwalder asserted that he was not engaged in "Religious Proclamations," Defendant Luberda responded, "Yes, you are, you're handing out pamphlets. That's not allowed."

36. Mr. Schoenwalder's expression was targeted due to a City policy. Defendant Luberda stated: "We've met with the City Attorneys' Office on this and they know exactly what you're doing. We told them what you're doing, why you're doing it; they have it set up this way so people like what you're doing aren't allowed to be down here doing this, so you need to leave the property …."

37. Defendant Luberda admitted that, because Mr. Schoenwalder's prior charge of disorderly conduct "got thrown out, that's why they made these Rules now …." Defendant Luberda stated that the Rules were adopted because the City Attorney had said adopting the Rules was needed "to find [Mr. Schoenwalder] guilty" if he continued evangelizing at the Market.

## IV. June 25, 2022: Mr. Schoenwalder was again handcuffed and cited for evangelizing at the Market.

38. Mr. Schoenwalder returned to the Market on June 25, 2022. He sought to spread the gospel of Jesus Christ by speaking with passersby at the Market. In an attempt to avoid another unconstitutional enforcement of the Market's Rule against "Religious Proclamations," Mr. Schoenwalder engaged in an expressive act of handing out two-dollar bills, and when passersby inquired why he was doing it, Mr. Schoenwalder explained that the free gift was like the free grace of Jesus.

39. Shockingly, even this subtle evangelism was too much. Defendants Kempf and Biller approached Mr. Schoenwalder.

40. A companion of Mr. Schoenwalder stated to Defendant Kempf, "We're just basically just trying to share some good news about Christ," and Defendant Kempf replied that was not permitted within the boundaries of the Market.

41. When Mr. Schoenwalder refused to leave the Market, Defendants Kempf and Biller grabbed Mr. Schoenwalder's arms, handcuffed him, and frog-marched him outside the Market in full view of dozens if not hundreds of people. Mr. Schoenwalder was cited for unlawful conduct at a public event. Defendant Englebert assisted with the preparation of the citation.

42. Because Mr. Schoenwalder violated the Rule against "Religious Proclamations", Defendant Kempf completed a "Trespass Arrest Authorization" that day against Mr. Schoenwalder, assisted by Defendant Englebert. It states: "I authorize the Green Bay Police Department to arrest anyone who is so notified and refuses to leave or return. I further authorize the Green Bay Police Department to arrest the persons listed below whom I have advised not to enter the above property." The "requester" for the order was Jen Metcalf, Assistant Director of Downtown Green Bay.

43. When Mr. Schoenwalder asserted—correctly—that Defendant Kempf lacked "just cause" to physically grab him, Defendant Kempf claimed—incorrectly—that Mr. Schoenwalder was "creating a disturbance" and threatened to take him to jail.

44. That same day, Jeff Mirkes wrote to Green Bay Deputy City Attorney Lacey Cochart regarding Mr. Schoenwalder, stating that Mr. Schoenwalder "[d]id not want to comply with the event rules that do not allow handing out religious or political materials at our market," which is why the officers "asked him to leave while he continued to hand out materials, so he was removed from the market." Jen Metcalf described the two-dollar bills Mr. Schoenwalder had been handing out as "[h]is religious hand out."

## V. July 16, 2022: Mr. Schoenwalder was forcibly marched out of the Market and cited due to his evangelism.

45. On July 16, 2022, Mr. Schoenwalder again entered the Market and began evangelizing.

46. Defendants Schilling and Englebert approached Mr. Schoenwalder, and unlawfully ordered him to leave due to his evangelism. When Mr. Schoenwalder did not comply, Defendants Shilling and Englebert grabbed him, and forcibly marched him outside the Market's boundaries. Defendants Schilling and Englebert acted co-operatively during their interaction with Mr. Schoenwalder.

47. Mr. Schoenwalder was issued a citation for trespass, based on the "Trespass Arrest Authorization" that had been issued against Mr. Schoenwalder due to his purported violation of the Rule against "Religious Proclamations."

48. Defendant Schilling admitted to Mr. Schoenwalder that he had been "no trespassed" because he had broken the Rule against "Religious Proclamations."

49. Defendant Englebert said, incorrectly: "We have to go by what – they are working this, it's a private event, and they want to say, 'Hey, I don't want to hear that,' or 'I don't want to have to hear this, that, or the other thing,' and I want this dude 'No Trespass,' we don't – it's a private event, we have to follow that." When Mr. Schoenwalder asked how it could be a private event if the Market was, in fact, a public event, Defendants Schilling and Englebert admitted, "[I]t's still like a public event", and admitted that the Market was "open to the public."

50. Defendant Schilling ordered Mr. Schoenwalder: "From this day forward you are not welcome here while the Farmer's Market is going on." Defendant Schilling informed Mr. Schoenwalder that if he returned, "We will arrest you."

51. At no point during any of events recounted above (including those before July 16, 2022) did Mr. Schoenwalder (1) prevent the flow of pedestrian traffic at the Market; (2) cause any physical violence or threaten imminent physical violence; or (3) prevent any permitted activities at the Market.

## VI. The City refuses to apologize for suppressing Mr. Schoenwalder's constitutional rights.

52. On October 3, 2022, counsel for Mr. Schoenwalder sent a letter explaining in detail that each of the citations by the City lacked any lawful basis, and was issued in violation of Mr. Schoenwalder's rights guaranteed by the First Amendment to the U.S. Constitution.

53. Whereas Mr. Schoenwalder's previous attempts to protect his constitutional rights went ignored, the City took a letter from counsel more seriously. Just two days after receipt of the letter, Ms. Bungert responded on behalf of the City that all of the citations against Mr. Schoenwalder would be dropped, and that City officials would not take enforcement actions to restrict his evangelizing at the Saturday Farmer's Market. She also sent a letter that day formally rescinding the Trespass Arrest Authorization for Mr. Schoenwalder.


Case 1:23-cv-01031-WCG Filed 10/13/23 Page 10 of 18 Document 8

54. The City has refused to acknowledge that its officials repeatedly violated Mr. Schoenwalder's rights protected by the First Amendment to the U.S. Constitution, much less apologize for doing so. The City has also refused to inform Downtown Green Bay that City enforcement of the Rule against "Religious Proclamations" is unconstitutional.

## Causes of Action

### COUNT ONE: Suppression of First Amendment Right to Preach on May 28, June 18, June 25, and July 16 of 2022 – Violation of 42 U.S.C. § 1983 by Defendant Kempf.

55. On May 28, 2022, Plaintiff Douglas Schoenwalder was preaching the gospel of Jesus Christ on sidewalks owned by the City of Green Bay within the boundaries of Market; specifically, on the sidewalk along Washington Street at the terminus of Doty Street.

56. The space in which Mr. Schoenwalder was preaching was a traditional public forum.

57. Defendant Kempf ordered Mr. Schoenwalder to stop preaching. He gave that order because of the Rule against "Religious Proclamations," which is a content-based restriction on speech.

58. As a result of that order, Mr. Schoenwalder ceased preaching on May 28, 2022.

59. Defendant Kempf's order also forced Mr. Schoenwalder to not preach on subsequent occasions. In the absence of Defendant Kempf's order on May 28, 2022, to desist preaching, Mr. Schoenwalder would have preached while at the Market on June 18, 2022, June 25, 2022, and July 16, 2022.

60. There was not a compelling reason to prohibit Mr. Schoenwalder from preaching, nor could this restriction on Mr. Schoenwalder's expression have been narrowly tailored to any compelling reason.

61. Mr. Schoenwalder had a right to preach pursuant to the First Amendment to the United States Constitution. He was deprived of that right in violation of the Constitution, and that deprivation by Defendant Kempf was intentional. The actions by Defendant Kempf were under color of state law.

62. Mr. Schoenwalder suffered humiliation as a result of the actions by Defendant Kempf.

63. Mr. Schoenwalder also suffered other damages in an amount to be proven at trial.

64. Consequently, Defendant Kempf is liable to Mr. Schoenwalder under 42 U.S.C. § 1983.

**COUNT TWO: Suppression of First Amendment Rights on June 18, 2022 - Violation of 42 U.S.C. § 1983 by Defendants Luberda and Allen.**

65. On June 18, 2022, Mr. Schoenwalder was distributing religious tracts and otherwise evangelizing on public streets and sidewalks owned by the City of Green Bay within the boundaries of Market; specifically, on the sidewalk along Washington Street at the terminus of Doty Street.

66. The space in which Mr. Schoenwalder engaged in this expression was a traditional public forum.

67. Mr. Schoenwalder's distribution of tracts and other evangelism was interrupted by Defendants Luberda and Allen, and ultimately prevented when they arrested him, handcuffed him, frog-marched him from the Market in view of dozens if not hundreds of fellow citizens, and issued him a citation.

68. Defendants Luberda and Allen took these enforcement actions because of the Rule against "Religious Proclamations," which is a content-based restriction on speech.

69. There was not a compelling reason to prohibit Mr. Schoenwalder from distributing tracts or evangelizing, nor could these restrictions on Mr. Schoenwalder's speech have been narrowly tailored to any compelling reason.

70. Mr. Schoenwalder had the right to distribute tracts and evangelize protected by the First Amendment to the U.S. Constitution. He was deprived of that right in violation of the Constitution, and that deprivation by Defendants Luberda and Allen was intentional. The actions by Defendants Luberda and Allen were under color of state law.

71. Mr. Schoenwalder suffered humiliation as a result of the actions by Defendants Luberda and Allen.

72. Mr. Schoenwalder also suffered other damages in an amount to be proven at trial.

73. Consequently, Defendants Luberda and Allen are liable to Mr. Schoenwalder under 42 U.S.C. § 1983.

**COUNT THREE: Suppression of First Amendment Rights on June 25, 2022 - Violation of 42 U.S.C. § 1983 by Defendants Kempf, Biller, and Englebert.**

74. On June 25, 2022, Plaintiff Douglas Schoenwalder was evangelizing on public streets and sidewalks owned by the City of Green Bay within the boundaries of Market; specifically, on the sidewalk along Washington Street at the terminus of Doty Street.

75. The space in which Mr. Schoenwalder engaged in this expression was a traditional public forum.

76. Defendants Kempf and Biller grabbed Mr. Schoenwalder's arms, handcuffed him, and frog-marched him outside the Market in full view of dozens if not hundreds of people. He was issued a citation by Defendants Kempf, Biller, and Englebert.

77. Defendants Kempf, Biller, and Englebert took these actions against Mr. Schoenwalder because of the Rule against "Religious Proclamations," which is a content-based restriction on speech.

78. There was not a compelling reason to prohibit Mr. Schoenwalder from distributing tracts or evangelizing, nor could these restrictions on Mr. Schoenwalder's speech have been narrowly tailored to any compelling reason.

79. Mr. Schoenwalder had the right to evangelize protected by the First Amendment to the U.S. Constitution. He was deprived of that right in violation of the Constitution, and that deprivation by Defendants Kempf, Biller, and Englebert was intentional. The actions by Defendants Kempf, Biller, and Defendant Englebert were under color of state law.

80. Mr. Schoenwalder suffered humiliation as a result of the actions by Defendants Kempf, Biller, and Englebert.

81. Mr. Schoenwalder also suffered other damages in an amount to be proven at trial.

82. Consequently, Defendants Kempf, Biller, and Englebert are liable to Mr. Schoenwalder under 42 U.S.C. § 1983.

**COUNT FOUR: Suppression of First Amendment Rights on July 16, 2022 - Violation of 42 U.S.C. § 1983 by Defendants Schilling and Englebert.**

83. On July 16, 2022, Plaintiff Douglas Schoenwalder was evangelizing on public streets and sidewalks owned by the City of Green Bay within the boundaries of Market; specifically, on the sidewalk along Washington Street at the terminus of Doty Street.

84. The space in which Mr. Schoenwalder engaged in this expression was a traditional public forum.


Case 1:23-cv-01031-WCG Filed 10/13/23 Page 14 of 18 Document 8

85. Mr. Schoenwalder's evangelism was interrupted and ultimately stopped by the actions of Defendants Schilling and Englebert. He was forcibly escorted from the Market and issued a citation.

86. Defendants Schilling and Englebert took these enforcement actions because of the Rule against "Religious Proclamations," which is a content-based restriction on speech.

87. There was not a compelling reason to prohibit Mr. Schoenwalder evangelizing, nor could this restriction on Mr. Schoenwalder's speech have been narrowly tailored to any compelling reason.

88. Mr. Schoenwalder had a right to evangelize while at the Market on July 16, 2022, protected by the First Amendment to the U.S. Constitution. He was deprived of that right in violation of the Constitution, and that deprivation by Defendants Schilling and Englebert was intentional. The actions by Defendants Schilling and Englebert were under color of state law.

89. Mr. Schoenwalder suffered humiliation as a result of the actions by Defendants Schilling and Englebert.

90. Mr. Schoenwalder also suffered other damages in an amount to be proven at trial.

91. Consequently, Defendants Schilling and Englebert are liable to Mr. Schoenwalder under 42 U.S.C. § 1983.

**COUNT FIVE: Suppression of First Amendment Rights Between July 16, 2022 and October 5, 2022 - Violation of 42 U.S.C. § 1983 by Defendants Kempf and Englebert.**

92. Except for the Trespass Arrest Authorization issued by Defendants Kempf and Englebert against Mr. Schoenwalder, he would have preached, distributed tracts, and otherwise evangelized on the City sidewalks within the boundaries of the Saturday Farmer's Market on a regular basis between July 16, 2022 and October 5, 2022.

93. Defendants Kempf and Englebert issued the Trespass Arrest Authorization because of the Rule against "Religious Proclamations," which is a content-based restriction on speech.

94. The space in which Mr. Schoenwalder would have engaged in this expression was a traditional public forum.

95. There was not a compelling reason to prevent Mr. Schoenwalder from engaging in the aforementioned expression at the Market, nor could the Trespass Arrest Authorization have been narrowly tailored to any compelling reason.

96. Mr. Schoenwalder had a right to preach, distribute tracts, and otherwise evangelize protected by the First Amendment to the U.S. Constitution. He was deprived of that right in violation of the Constitution, and that deprivation by Defendants Kempf and Englebert was intentional. The actions by Defendants Kempf and Englebert were under color of state law.

97. Mr. Schoenwalder also suffered other damages in an amount to be proven at trial.

98. Consequently, Defendants Kempf and Englebert are liable to Mr. Schoenwalder under 42 U.S.C. § 1983.

**Relief Requested**

99. Mr. Schoenwalder requests that the Court:

a. Issue process;

b. Enter judgment in Mr. Schoenwalder's favor;

c. Enter an injunction preventing Defendants from enforcing the Rule against Mr. Schoenwalder;

d. Award nominal damages;

e. Award compensatory damages, in an amount to be proven at trial;

f. Award punitive damages, in an amount to be proven at trial;

g. Award attorneys' fees, pursuant to 42 U.S.C. § 1988(b);

h. Award pre- and post-judgment interest;

i. Award court fees and costs; and

j. Award any other relief to which Mr. Schoenwalder may be entitled.

Dated this 13th day of October, 2023.

Respectfully submitted,

By: *__/s/Nathan L. Kinard____________________*
Nathan L. Kinard, TN BPR No. 035721
(Admitted to Eastern District of Wisconsin)
*Attorney for Plaintiff Douglas J. Schoenwalder*
CHAMBLISS, BAHNER & STOPHEL, P.C.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Telephone: (423) 757-0231
Facsimile: (423) 508-1231
Email: nkinard@chamblisslaw.com

*and*

T. WICKHAM SCHMIDT, ESQ.
A PROFESSIONAL SERVICE CORPORATION
T. Wickham Schmidt, SBN 1062002
*Attorney for Plaintiff Douglas J. Schoenwalder*
130 E. Walnut St., Ste. 800
Green Bay, WI 54301
Telephone: (920) 759-8115
Fax: (920) 759-8105 direct fax
Email: wick@twslawgb.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and by additional means as stated below. Parties may access this filing through the Court's electronic system.

**VIA EMAIL**
Jasmyne M. Baynard
WIRTH + BAYNARD
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Email: jmb@wbattys.com

This 13th day of October, 2023.

*/s/Nathan L. Kinard*
Nathan L. Kinard